

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 17 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ZACHARY BOSTICK AND
MARY MEAUX,

    Plaintiffs,

vs.

EDDIE REDMOND, JR. AND APAC-
MISSISSIPPI, INC.,

    Defendants.

Docket: 5:17-cv-00068 JLH/JTK

This case assigned to District Judge __Holmes__
and to Magistrate Judge __Kearney__

---

### DEFENDANTS, EDDIE REDMOND, JR. AND APAC-MISSISSIPPI, INC.'S, NOTICE OF REMOVAL

---

**To:** The Honorable Judges of the United States District Court for the Eastern District of Arkansas, Pine Bluff Division

Defendants, Eddie Redmond, Jr. and APAC-Mississippi, Inc. (hereinafter referred to collectively as "Defendants" unless otherwise indicated), by and through their counsel of record, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and any other applicable law or rule, hereby remove this action, with full reservation of all defenses, to the United States District Court for the Eastern District of Arkansas, Pine Bluff Division from the Circuit Court of Chicot County, Arkansas—Civil Division, Case No: CV-2017-13-4, filed on February 9, 2017, in which the above-captioned matter is now pending. The grounds for removal of this action are:

### NATURE OF ACTION

1. On February 9, 2017, Plaintiffs Zachary Bostick and Mary Meaux filed a complaint styled as *Zachary Bostick and Mary Meaux vs. Eddie Redmond, Jr. and*

*APAC—Mississippi, Inc.* docketed at Case No: CV-2017-13-4 in the Circuit Court of Chicot County, Arkansas—Civil Division. This action is civil in nature and allegedly arises in tort as a result of injuries and damages allegedly sustained due to the alleged negligent operation of a motor vehicle by Defendant, Eddie Redmond, Jr. As a result of the alleged negligence, Plaintiffs contend they suffered personal injuries and damages on or about December 10, 2016. Plaintiffs' complaint seeks "a sum in excess of the Federal Court jurisdictional limits in diversity cases; for costs of this action; and all of the proper relief to which Plaintiff may be entitled."

2. Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon the Defendants are attached hereto as Collective Exhibit "A."

## REMOVAL IS TIMELY

3. Defendant, APAC-Mississippi, Inc. was served with the summons and complaint in this matter on February 17, 2017. (Summons attached in collective Exhibit "A").

4. As of the filing of this notice of removal, Defendant, Eddie Redmond, Jr. has not been served the Complaint in this matter, but Defendant, Eddie Redmond, Jr. joins in and consents to the removal of this matter to United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

5. This Notice of Removal is being filed within thirty (30) days after service of the Complaint on Defendant, APAC—Mississippi, Inc. and is, therefore, timely pursuant to 28 U.S.C. § 1446.

6. The time for Defendants to answer, move or otherwise plead with respect to the complaint has not yet expired.

7. This Notice of Removal is timely.

8. No previous application has been made for the relief requested herein.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 UNDER 28 U.S.C. § 1332 (A)

9. Plaintiffs' complaint seeks "a sum in excess of the Federal Court jurisdictional limits in diversity cases; for costs of this action; and all of the proper relief to which Plaintiff may be entitled."

10. An amount that exceeds the Federal Court jurisdictional limits in diversity cases exceeds $75,000.00 exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). As such, the amount in controversy required in 28 U.S.C. § 1332(a) is plainly satisfied.

## THERE IS DIVERSITY OF CITIZENSHIP OF THE PARTIES

11. Plaintiff, Zachary Bostick is an adult resident citizen of McGehee, Arkansas.

12. Plaintiff, Mary Meaux is an adult resident citizen of McGehee, Arkansas.

13. Defendant, Eddie Redmond, Jr. is an adult resident citizen of Mississippi.

14. Defendant, APAC—Mississippi, Inc. is a foreign corporation incorporated in the State of Delaware with its principal place of business located at 101 Riverview Drive, Richland, Mississippi 39218.

15. Pursuant to 28 U.S.C. § 1332(c)(1) and (c)(2) there is full diversity of citizenship between Plaintiffs and Defendants in this action because Defendant, APAC—Mississippi, Inc., is incorporated and maintains its principal place of business

in a different state than in which Plaintiffs reside, and Defendant, Eddie Redmond, Jr., is a citizen of a different state in which Plaintiffs reside.

16. None of the Defendants are citizens of the State of Arkansas, the State in which this action was brought.

17. As of the filing of this notice of removal, Defendant, Eddie Redmond, Jr., has not been served the Complaint in this matter, but Defendant, Eddie Redmond, Jr., joins in and consents to the removal of this matter to United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

18. For these reasons, and as described below, diversity is proper pursuant to 28 U.S.C. § 1332(a)(1). This Court has subject matter jurisdiction over this action.

19. All named Defendants consent to and join in the removal of this matter to the United States District Court for the Eastern District of Arkansas, Pine Bluff Division, and are represented by the undersigned counsel.

## VENUE

20. Venue of this removal is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division where the Civil Action is pending.

## FILING OF REMOVAL PAPERS

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs' Counsel. Also, a Notice of Filing Removal is simultaneously being filed in the Circuit Court of Chicot County, Arkansas—Civil Division. A true and correct copy of this Notice is attached hereto as Exhibit "B."

22. This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1441(a), venue is prover in this Court as this Court is the United States District Court for the district and division where the Civil Action is pending.

23. By filing this Notice of Removal, Defendants are not waiving their right to object to service of process, the sufficiency of process, jurisdiction over it or venue, and Defendants specifically reserve their rights to assert any defense and/or objections to which they may be entitled.

Respectfully submitted this 17th day of March, 2017.

McAngus Goudelock & Courie

STEVE N. SNYDER, AR#2007094
5350 Poplar Ave.
Suite 800
Memphis, TN 38119
(901) 682-3415
(901) 339-0683
steve.snyder@mgclaw.com

JAY M. ATKINS, MS#100513,
TN#21371
317 Heritage Drive
Suite 3
Oxford, MS 38655
(662) 281-7828
(662) 259-8460
jay.atkins@mgclaw.com

*Attorneys for Defendants, Eddie Redmond, Jr. and APAC-Mississippi, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney states and certifies that a copy of this document has been served by mail on March 17, 2017 to:

Michael D. Ray
Ray Law Firm, P.A.
PO Box 1123
Crossett, AR 71635
870-364-5176 (phone)
870-364-6503 (fax)

*Attorneys for Plaintiffs*

_____
STEVEN N. SNYDER